The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on May 21, 2010, which may be different from its entry on the record.

**IT IS SO ORDERED.**



Dated: May 21, 2010

_____
Arthur I. Harris
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Chapter 7 Proceedings |
| Mattie M. Graves, Jr.,<br>　　Debtor. | Case No. 09-15610 |
| Steven Davis, Ch. 7 Trustee,<br>　　Plaintiff, | Judge Arthur I. Harris |
| v. | Adversary Proceeding<br>No. 09-1354 |
| Mattie and Julius Graves,<br>　　Defendants. | |

MEMORANDUM OF OPINION[1]

This matter is currently before the Court on the motion of the Chapter 7 Trustee (trustee) for summary judgment. At issue is whether the trustee is entitled to the turnover of $6,000.00 which the debtor, Mattie M. Graves, Jr. (debtor),

---

[1] This Memorandum of Opinion is not intended for official publication.

received as part of a postpetition settlement of a prepetition lawsuit. For the reasons that follow, the motion of the trustee for summary judgment is granted.

FACTS AND PROCEDURAL HISTORY

Unless otherwise indicated the following facts are undisputed. On June 18, 2009, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (Case # 09-15610). The debtor's spouse and co-defendant in this adversary proceeding, Julius Graves, did not file for bankruptcy. Steven Davis was appointed as Chapter 7 Trustee. On December 3, 2009, the debtor received her discharge.

*1. Litigation and Settlement Agreement*

On or about July 9, 2001, the debtor obtained a mortgage for $70,200.00 from Aames Funding Corporation on property located at 11915 Corlett Avenue in Cleveland, Ohio (property). Aames Funding Corporation subsequently assigned the mortgage. It is unclear from the record how many times the mortgage was reassigned to a different lender, but eventually the mortgage was assigned to Deutsche Bank.

In March 2002, Bankers Trust of California commenced a foreclosure action against the debtor in the Cuyahoga County Court of Common Pleas (Case # CV 02- 465018). The court ruled against Bankers Trust, finding that

Bankers Trust could not demonstrate that it was the holder of the mortgage.

On or about November 16, 2005, Deutsche Bank commenced a foreclosure action against the debtor in the Cuyahoga County Court of Common Pleas (Case # CV 05-577387). On January 3, 2006, the debtor and Julius Graves filed a counterclaim against Deutsche Bank, Countrywide Home Loans (Countrywide), and RDM Property Maintenance (RDM).

On July 3, 2009, about two weeks after the debtor filed her voluntary petition under Chapter 7, the parties entered into a settlement agreement (agreement). Under the agreement the debtor was to: (1) receive a payment of $6,000.00, and (2) convey the property to BAC Home Loans Servicing (BAC). According to the agreement, Deutsche Bank would consider the mortgage paid in full once the debtor transferred the property to BAC.

## 2. *Current Adversary Proceeding*

On October 28, 2009, the trustee filed this adversary proceeding against the debtor and Julius Graves seeking: (1) a judgment against the debtor in the amount of $6,000.00, and (2) an order directing Julius Graves to set forth any claim he has on the $6,000 proceeds from the agreement or forever be barred from making a claim on the agreement. On February 16, 2010, the trustee filed a motion for summary judgment. On March 23, 2010, Julius Graves filed a response. The briefing on the trustee's motion for summary judgment is now complete, and the

09-01354-aih    Doc 16    FILED 05/21/10    ENTERED 05/21/10 15:22:05    Page 3 of 9

Court is ready to rule.

## JURISDICTION

The Court has jurisdiction over this action. Actions seeking turnover of property of the estate are core proceedings under 28 U.S.C. § 157(b)(2)(E). The Court has jurisdiction over core proceedings under 28 U.S.C. § 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure, as made applicable to bankruptcy proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County,* 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to

interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.,* 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

### A. $6,000.00 Settlement as Property of the Estate

Before addressing the trustee's motion for turnover the Court must first determine whether the $6,000.00 that the debtor received as part of the agreement is property of the estate. The trustee is only entitled to a turnover of property which is part of the debtor's bankruptcy estate. *See In re Osterwalder*, 407 B.R. 291, 294 (Bankr. N.D. Ohio 2008) ("Thus, although not specifically stated in § 542, fundamental to the concept of 'Turnover' is that the asset to be turned over must be property of the debtor's bankruptcy estate." (*citing In re Bracewell*, 454 F.3d 1234, 1243 (11th Cir. 2006))). Section 541 of the Bankruptcy

5

09-01354-aih    Doc 16    FILED 05/21/10    ENTERED 05/21/10 15:22:05    Page 5 of 9

Code defines "property of the estate." Subject to a few, specifically enumerated exceptions, the estate consists of all legal and equitable interests in property a debtor has at the commencement of a Chapter 7 case. *See* 11 U.S.C. § 541.

The Sixth Circuit has held, "the scope of section 541(a)(1) is broad, includes tangible and intangible property, and allows the bankruptcy 'trustee to regain possession of property in which the debtor had equitable as well as legal title.' " *Demczyk v. Mutual Life Ins. Co. (In re Graham Square)*, 126 F.3d 823, 831 (6th Cir. 1997) (*quoting United States v. Whiting Pools*, 462 U.S. 198, 204 (1983)). Relying on the broad language of section 541, many courts have held that the debtor's interest in a cause of action is property of the estate. *See Cottrell v. Schilling (In re Cottrell)*, 876 F.2d 540, 542 (6th Cir. 1989); *Sierra Switchboard Co. v. Westinghouse Electric Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) ("The scope of section 541 is broad and includes causes of action."); *Tignor v. Parkinson,* 729 F.2d 977, 981 (4th Cir. 1984) ("The debtor's claims for injuries to the person, whether unliquidated as when the petition was filed, or settled as occurred during the proceeding, are thus property of the bankrupt estate"). Courts have also held that proceeds from a settlement of a cause of action are property of the estate. *See Wischan v. Adler (In re Wischan),* 77 F.3d 875, 877 (5th Cir. 1996) ("The fact that the causes of action may have borne fruit in settlement or judgment after

6

commencement of the bankruptcy case does not transform them into post-petition property of the debtor – excluded from the bankruptcy estate."); *In re Wiley*, 184 B.R. 759, 765 (N.D. Iowa 1995); *Walro v. Striegel (In re Striegel)*, 131 B.R. 697 (S.D. Ind. 1991); *In re Robinson*, 292 B.R. 599, 606 (Bankr. S.D. Ohio 2003); *Doucet v. Cooper (In re Cooper)*, 263 B.R. 835, 837 (Bankr. S.D. Ohio 2001) ("Prepetition personal injury claims, as well as the settlement proceeds from such claims are property of the bankruptcy estate.").

In November 2005, Deutsche Bank initiated a foreclosure action. On January 3, 2006, the debtor and Julius Graves filed a counterclaim against Deutsche Bank, Countrywide, and RDM. On June 18, 2009, the debtor filed for Chapter 7 bankruptcy protection. A few weeks later, on July 3, 2009, the parties reached a settlement resolving both the foreclosure action and the counterclaim. As part of the settlement the debtor received $6,000.00. The agreement states that the $6,000.00 was to be paid to the debtor. Julius Graves was not listed as a recipient of any part of the $6,000.00. The trustee asserts the settlement proceeds are property of the estate. Based on the broad scope of section 541 of the Bankruptcy Code, and the relevant case law the Court finds that the $6,000.00 the debtor received as part of the agreement is property of the bankruptcy estate.

7

## B. Turnover of the Settlement Proceeds to the Trustee

The trustee seeks an order directing the debtor to turnover the $6,000.00 she received as part of the agreement pursuant to 11 U.S.C. § 542(a). Section 542(a) provides in pertinent part:

> (a) an entity, other than a custodian, in possession, custody, or control, during the case of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

The plain language of § 542(a) is clear that subject to a few, specifically enumerated exceptions a party holding valuable property of the debtor's bankruptcy estate that is not exempt under § 522 must surrender the property to the trustee. *See In re Osterwalder*, 407 B.R. at 294 (*citing Whiting Pools, Inc.*, 462 U.S. at 202-03); *French v. Johnson (In re Coomer)*, 375 B.R. 800, 803 (Bankr. N.D. Ohio 2007).

The Court has determined that the $6,000.00 the debtor received as part of the agreement is property of the estate. The debtor has not claimed the $6,000.00 as exempt. Accordingly, the trustee is entitled to an order directing the debtor to turnover $6,000.00.

### C. Defenses of Mattie and Julius Graves

In his *pro se* response to the trustee's motion for summary judgment, defendant Julius Graves raises a number of arguments, none of which is sufficient to defeat the grant of summary judgment in favor of the trustee. For example, the fact that Julius Graves paid legal fees in connection with the litigation that gave rise to the agreement is irrelevant. Once Mattie and Julius Graves agreed that the litigation would be settled with a $6,000.00 payment to Mattie Graves, Mattie Graves could no longer argue that the $6,000.00 proceeds was not property of her bankruptcy estate. Also irrelevant to the issue of summary judgment is the claim that Mattie Graves's bankruptcy attorney had told her that she could keep any proceeds under $10,000. Mattie Graves has not claimed any exemption with respect to either the real property located at 11915 Corlett Avenue or the counterclaim in the state foreclosure case that gave rise to the $6,000 proceeds. Therefore, any theoretical claim of exemptions is not properly before this Court.

### CONCLUSION

For the reasons stated above, the trustee's motion for summary judgment is granted. The Court holds that the defendant Julius Graves has no claim or interest in the $6,000.00 proceeds, and the debtor is ordered to turnover $6,000.00 to the trustee within 21 days of the date of the Memorandum of Opinion. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.